IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SOLVAY USA INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 20-cv-849 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CUTTING EDGE FABRICATION, INC., | ) ) ) | |
| Defendant. | | |

**MEMORANDUM OPINION AND ORDER**

Defendant Cutting Edge Fabrication moves to dismiss Counts I, III, and IV of Plaintiff Solvay USA's first amended complaint [58] pursuant to Federal Rule of Civil Procedure 12(b)(6). [59.] For the reasons stated below, Defendant's motion [59] is denied. Defendant also moves to compel discovery [65] pursuant to Federal Rule of Civil Procedure 37, or in the alternative, for dismissal for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b). That motion [65] is denied without prejudice. Counsel are directed to confer on an appropriate date and parameters for the requested inspection and file a joint status report no later than February 24, 2022 updating the Court on their progress (or lack thereof). If counsel are not able to agree on that issue, any refiled motion to compel will be referred to Magistrate Judge Finnegan in view of Judge Dow's extremely crowded trial calendar in 2022. Defendant's motion to schedule status conference [66] is taken under advisement. Counsel are directed to confer on the proposed schedule [see 66, at 2] and to indicate in the joint status report due no later than February 25, 2022 whether the schedule up to and including the proposed deadline for filing dispositive motions is agreed. If it is agreed, the Court will enter the schedule; if there are disputes, the Court will set the case for a telephonic status hearing and/or refer the disputed matters to Judge Finnegan.

I.   **Background**[1]

Plaintiff is a multi-specialty chemical company that provides products and solutions used in airplanes, cars, smart devices, medical devices, batteries, home and personal care products, mineral and oil extraction, and a variety of other applications. [58 at ¶ 1.] Plaintiff is a Delaware corporation with its principal place of business in New Jersey. [*Id.*] Defendant is incorporated and maintains its principal place of business in North Carolina. [*Id.* at ¶ 2.].

In May 2018, Plaintiff provided Defendant with specification for Defendant to bid on a contract for two atmospheric tanks to be used at Plaintiff's plant in University Park, Illinois. [*Id.* at ¶ 5.] Plaintiff would use the tanks to store chemicals, specifically amidoamines. [*Id.*] On June 18, 2018, Defendant submitted a final proposal to Plaintiff for the tanks [*id.* at ¶ 6], and in response, Plaintiff issued a purchase order for the tanks on June 20, 2018. [*Id.* at ¶ 7.] The purchase order was subject to its own terms and conditions and specified that the tanks and Defendant's services were "critical" to Plaintiff's operations at its plant. [*Id.*] The purchase order further provided that its terms and conditions would be deemed accepted by Defendant unless Defendant provided notice within 15 days of the order's issuance. [*Id.*] Defendant accepted Plaintiff's purchase order and began fabrication of the tanks. [*Id.* at ¶ 8.]

Defendant tendered its tanks for shipment to Plaintiff's facilities on November 26, 2018, and the tanks were delivered to Plaintiff's plant three days later, on November 29, 2019. [*Id.* at ¶ 9.] Soon after the tanks were delivered, Plaintiff discovered what it believed to be material defects in the tanks. [*Id.* at ¶ 10.] Specifically, Plaintiff found weld deficiencies, leaks, and cracks, among other defects. [*Id.*] The tanks also failed to meet "relevant repad requirements and API 650

---

[1] For purposes of Defendant's motion to dismiss, the Court accepts as true all well-pled allegations set forth in the complaint [58] and draws all reasonable inference in Plaintiff's favor. *Calderon-Ramirez v. McCament*, 877 F.3d 272, 275 (7th Cir. 2017).

standards." [*Id.*] Plaintiff notified Defendant of the defects, and Defendant attempted to repair the tanks. [*Id.* at ¶ 11.] Defendant tried and failed to repair the tanks on multiple occasions, and the tanks remain defective to this day. [*Id.*] Plaintiff alleges that it has suffered ongoing losses of more than $900,000. [*Id.* at ¶ 12.]

Plaintiff initiated this action on February 5, 2020. [See 1.] In February 2021, the Court issued a memorandum opinion and order granting in part and denying in part Defendant's motion to dismiss the original complaint. Specifically, the Court denied the motion with respect to Counts II and III but granted the motion as to Count V (with prejudice) and as to Counts I, IV, and VI (without prejudice and with leave to replead). In its amended complaint, Plaintiff asserts five claims, including a breach of contract (Count I), breach of express warranty (Count II), indemnification (Count III), breach of implied warranty of merchantability (Count IV), and breach of implied warranty of fitness for a particular purpose (Count V). [See 58.] Defendant now moves to dismiss Counts I, III, and IV.[2] [See 59.]

## II. Legal Standard

Dismissal for failure to state a claim under Rule 12(b)(6) is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 558 (2007). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts as true all of Plaintiffs' well-pleaded factual allegations and draws all reasonable inferences in Plaintiffs' favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). However, "[t]o survive a motion to dismiss, the well-pleaded facts of the complaint must allow the court to infer more than the mere possibility of misconduct." *Langworthy v.*

---

[2] Defendant mislabeled its motion to dismiss as seeking dismissal of Counts II, II, and VI, [see 59], but clarified in its reply brief that it means to seek dismissal of Counts I, III, and IV of Plaintiff's first amended complaint. [See 64 at 1 n.1.]

*Honeywell Life & Acc. Ins. Plan*, 2009 WL 3464131, at *2 (N.D. Ill. Oct. 22, 2009) (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011)). Additionally, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nevertheless, a plausible claim may proceed, and "[t]he 'plausibility determination is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (quoting *McCauley*, 671 F.3d at 616).

### III. Analysis

Defendant seeks dismissal of three of the five claims Plaintiff alleges in its first amended complaint. Here, as in the parties' briefing on the earlier motion to dismiss, neither party addresses what law applies to the case. But both parties continue to proceed as if Illinois law applies, and the Court does not disagree. In diversity cases, the law of the forum state applies to the substantive issues. *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (citing *Fednav Intern. Ltd. v. Continental Ins. Co.*, 624 F.3d 834, 838-39 (7th Cir. 2010)); see also *RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008) ("When neither party raises a conflict of law issue in a diversity case, the applicable law is that of the state in which the federal court sits."). The Court thus proceeds under this framework, at least at this early stage of the case.

#### A. Count I: Breach of Contract

"Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (citations omitted). Defendant

4

asserts that the first amended complaint fails to state a claim for breach of contract because Plaintiff fails for a second time [see 57 at 5–6] to sufficiently allege substantial performance. [59 at 1–2.]

Plaintiff responds that paragraph 15 of its first amended complaint contains sufficient factual support to satisfy the "substantial performance" element of its breach of contract claim. There, Plaintiff states: "Plaintiff has complied with all of its requirements under the Contract, specifically to provide specifications for the tanks to Defendant and make payment to Defendant pursuant to the terms of the purchase order." [58 at ¶ 15.] Defendant argues that Plaintiff's allegations are insufficient, because the first amended complaint "fails to identify the specifications that were both critical to the Plaintiff's site personnel and processes, or how the specifications resulted in the leaks that were discovered in the tanks." [59 at 2.] The Court disagrees.

Under Illinois law, "[s]ubstantial performance is the 'honest and faithful performance of the contract in its material and substantial parts, with no willful departure from, or omission of, the essential elements of the contract.'" *LB Steel, LLC v. Carlo Steel Corp.*, 122 N.E.3d 274, 290 (Ill. App. Ct. 2018) (quoting *Doornbos Heating & Air Conditioning, Inc. v. James D. Schlenker, M.D., S.C.*, 932 N.E.2d 1073, 1088 (Ill. App. Ct. 2010)). Furthermore, whether a party has substantially performed the essential elements of a contract is a question of fact, see *W.E. Erickson Const., Inc. v. Congress-Kenilworth Corp.*, 503 N.E.2d 233, 236 (Ill. 1986), and the Court's task here is only to determine whether Plaintiff has pled substantial performance. See *Reserve Hotels PTY Ltd. v. Mavrakis*, 790 F.3d 738, 740 (7th Cir. 2015).

Here, Plaintiff alleges that it (a) provided specifications such that Defendant knew the types of tanks it agreed to furnish, and (b) paid Defendant for those tanks pursuant to the agreed upon terms of the purchase order. [See 58 at ¶ 15; see also *id.* at ¶ 8 (stating that Defendant "accepted Plaintiff's purchase order").] This is enough to cross the plausibility threshold in the notice

pleading regime set out in Rule 8. Plaintiff gave Defendant a description of the product sought, paid for that product, and in turn, Defendant furnished the product. Defendant does not provide any reason to require Plaintiff to come forward at the pleading stage with the additional details it claims are missing regarding the specifications. To be sure, the burden of production will be much higher at summary judgment, but the rest of the discovery process must first be completed.

Defendant's argument that the complaint fails to allege "how the specifications resulted in the leaks that were discovered in the tanks" [59 at 2] is irrelevant to whether Plaintiff has adequately pleaded substantial performance. Perhaps Defendant intended to argue that such an omission amounts to a failure by the Plaintiff to allege the third element of a breach of contract claim—breach—but this argument, too, would fail. The first amended complaint asserts that the tanks were defective due to its "weld deficiencies, leaks, and cracks," and that the tanks remain defective to this day. [58 at ¶¶ 10–11.] This is enough to plausibly allege a breach. The Court thus denies Defendant's motion to dismiss Count I.

B. **Count III: Indemnification**

Defendant next argues that Plaintiff's indemnification claim fails because "[a]gain, the Plaintiff fails to identify the specifications that were critical to its personnel and processes on whether the nature of the personal and processes was communicated to the Defendant," and that Plaintiff's amended complaint "fails to allege how the failure to adhere to specifications caused leaks in the tanks." [59 at 2.] Defendant's position is difficult to follow, and even more difficult to adopt. But as this Court stated in its prior order, what matters here is that Illinois law permits contracts to include indemnity clauses, and those clauses are not necessarily limited to claims against third parties. See [57 at 8]; *City of Chicago v. Motive Power Systems*, 2019 WL 2994504 (N.D. Ill. July 9, 2019). Plaintiff asserts that the parties' contract included an indemnity provision,

[see 58 at ¶ 23], and that Plaintiff is entitled to recovery pursuant to that provision, [see *id.* at ¶¶ 24–25]. That is all that is needed at this stage, and Defendant does not argue otherwise. Defendant's motion is therefore denied with respect to Count III.

      C.      **Count IV: Breach of Implied Warranty of Merchantability**

In contracts for the sale of goods, "a warranty that the goods shall be merchantable is implied . . . if the seller is a merchant with respect to goods of that kind." 810 ILL. COMP. STAT. 5/2-314. To be merchantable, the goods must "pass without objection in the trade under the contract description" and must be "fit for the ordinary purposes for which such goods are used." *Id.* "To state a claim for breach of the implied warranty of merchantability, a plaintiff must allege that '(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect.'" *Corwin v. Connecticut Valley Farms, Inc.*, 74 F. Supp. 3d 883, 891 (N.D. Ill. 2014) (quoting *Indus. Hard Chrome, Ltd.*, 64 F. Supp. 2d at 748). A plaintiff's allegation that the goods were not merchantable at the time of sale should be supported by an allegation of what the ordinary purpose of the good is. *Indus. Hard Chrome*, 64 F. Supp. 2d at 748.

Plaintiff's first amended complaint states that the ordinary purpose of the tanks "was to be able to hold and contain the chemicals without any leaking." [58 at ¶ 27.] Plaintiff also alleges that because of the alleged defects in the tanks, Plaintiff has suffered ongoing damages of at least $900,000 [*id.* at ¶ 12], and that Plaintiff notified Defendant of the tanks' defects [*id.* at ¶ 11]. These allegations adequately plead the second and third elements of a claim for breach of implied warranty of merchantability.

Whether Plaintiff has alleged sufficient facts to satisfy the first element of the claim is a closer call. As the Court explained in its prior order, Plaintiff needs to allege sufficient facts to

7

demonstrate that the tanks were not merchantable *at the time of sale*. [See 57 at 10.] Plaintiff asserts that Defendant tendered the tanks for shipment on November 26, 2018, that the tanks arrived at Plaintiff's plant on November 29, 2018 [58 at ¶ 9], and that "[s]oon after delivery, it was determined that the tanks were materially defective." [*Id.* at ¶ 10.] These allegations are sufficient to plead the first element. Although Plaintiff does not specify exactly how "soon after delivery" it noticed the defects, it informs Defendant that the defects "included, but were not limited to, weld deficiencies, leaks, and cracks." [*Id.*] At least with respect to the weld deficiencies, it is possible that the ambiguous timeline asserted and the type of deficiencies noticed could lead a jury to fairly conclude that certain defects existed at the time of sale. "Whether the defect did exist at the time of delivery is for the trier of fact to determine," *Lipinski v. Martin J. Kelly Oldsmobile, Inc.*, 758 N.E.2d 66, 75 (Ill. App. Ct. 2001), and the Court cannot conclude at this time that Plaintiff has failed to plausibly allege that the defects existed at the time of sale. Accordingly, the Court also denies Defendant's motion to dismiss Count IV of Plaintiff's first amended complaint.

   **D.**  **Defendant's Motion to Compel Discovery and For Status Conference**

  Defendant has filed two additional motions: (1) "pursuant to Rule 37 to compel discovery in the form of an inspection of two industrial tanks or the alternative to dismiss the Plaintiff's action for want of prosecution under rule 41(b)" [65 at 1] and (2) to schedule a status conference [66]. Now that the Court has denied the motion to dismiss as to all remaining counts, it is time to move the case forward on all remaining aspects of discovery. To that end, as noted at the outset of this opinion, counsel are directed to confer on all aspects of discovery, with a special focus on (a) the requested inspection and (b) the schedule for all other events leading up to and including the filing of any dispositive motions. The joint status report due no later than February 25, 2022, should advise the Court on all of these matters so that it can either enter an agreed schedule (to the

extent possible) and/or refer any disputed discovery issues to Magistrate Judge Finnegan for resolution. Consistent with the foregoing, the motion to compel [65] is denied without prejudice and with leave to refile if necessary and the motion for a scheduling conference [66] is taken under advisement and will be decided after review of the joint status report.

### IV. Conclusion

For the foregoing reasons, Defendant's motion to dismiss [59] is denied; Defendant's motion to compel [65] is denied without prejudice; and Defendant's motion for a scheduling conference [66] is taken under advisement. Counsel are directed to meet and confer on the issues identified above and to file the requested joint status report no later than February 25, 2022.

Dated: February 11, 2022

Robert M. Dow, Jr.
United States District Judge